Eastern District of Kentucky
F I L E D
MAR 01 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

Civil Action No. 16-29-HRW

**CATERPILLAR FINANCIAL
SERVICES CORP.,**                                           **PLAINTIFF,**

v.                 **MEMORANDUM OPINION AND ORDER**

**REDBUD DOCK, LLC,
APPALACHIAN MINING
AND RECLAMATION,
PRODUCERS DOCK, LLC,
PRODUCER'S COAL, INC.,
DENNIS JOHNSON and
MARK PINSON,**                                        **DEFENFDANTS.**

This matter is before the Court upon Plaintiff Caterpillar Financial Services Corporation's Motion for Partial Summary Judgment [Docket No. 36]. The matter has been fully briefed by the parties and for the reasons set forth herein, the Court will sustain the motion.

**I.**

Plaintiff filed this civil action seeking to enforce certain guaranty and security agreements pertaining to the purchase of various heavy machinery. The primary obligor is Defendant Redbud Dock, LLC. Defendants Appalachian Mining and Reclamation, LLC, Producers Dock, Inc, Producer's Coal, Inc, Dennis Johnson and Mark Pinson are each guarantors on the various debt instruments.

Plaintiff's instant motion pertains only to Defendant Mark Pinson and the claim alleged against him in Count V of the Complaint. As set forth in Count V of the Complaint, on or about December 19, 2014, Redbud, by and through Defendant Johnson, executed an Installment Sale

Contract with Cecil I. Walker Machinery Co. ("Walker Machinery"), for the purchase of a Caterpillar CM210 continuous miner, Serial No. GEA00813 (the "Continuous Miner"), for the aggregate amount of $1,601,900.49, with installment payments and finance charges as set out therein. [Affidavit of Jamie Jarrett, Special Accounts Representative, Caterpillar Financial Services Corporation, Docket No. 36-2, ¶ 7.]

Pursuant to the terms of the contract, Redbud granted a valid and enforceable lien upon and a security interest in the Continuous Miner to Walker Machinery, in order to secure payment of its indebtedness and the performance of all of Redbud's obligations under the contract. *Id.* The security interest granted to Walker Machinery included all attachments, accessories and optional features for the Continuous Miner and all substitutions, replacements, additions and accessions thereto and proceeds thereof. *Id.*

In order to further secure payment of the contract, Defendant Pinson executed and delivered to Walker Machinery his guaranty agreement (the "Pinson Guaranty"). *Id.*, ¶ 10. Pursuant to the explicit terms of the Pinson Guaranty, Defendant Pinson absolutely and unconditionally guaranteed to Walker Machinery "the prompt payment, performance and satisfaction of all present and future indebtedness and obligations of Redbud due in connection with or arising out of Contract #731535, Transaction Number 2499257, of any kind or nature, present or future, whether direct or indirect (including those acquired by assignment, or otherwise), absolute or contingent, joint or several, due or to become due, existing or hereafter arising, including all amendments, modifications, or superseding documents to each of the foregoing, all charges, expenses, fees, including but not limited to reasonable attorneys' fees, and any other sums chargeable to under any of the foregoing." *Id.* Exhibit B, § 1.

Subsequently, Caterpillar Financial provided the purchase money financing, and Walker Machinery executed an Assignment of Installment Sale Contract [Without Recourse] in favor of Caterpillar Financial as assignee (the "Assignment"). *Id.* Exhibit. C. As a result of the Assignment, Caterpillar Financial became the holder and beneficiary of contract and of the Pinson Guaranty. Pursuant to the terms of the contract and the Pinson Guaranty, Redbud and Pinson were required to make payments to Caterpillar Financial as the assignee of Walker Machinery.

Caterpillar Financial perfected its security interest in the Continuous Miner by filing a UCC-1 financing statement with the Kentucky Secretary of State on January 9, 2015. *Id.*, ¶ 18.

The record reveals that Redbud failed to make the payments to Caterpillar Financial as required under the contract and, as such, was in default under the contract. *Id.*, ¶ 19. Pinson, also, failed to make the payments to Caterpillar Financial as required under the Pinson Guaranty. *Id.*, ¶ 26. Therefore, Pinson was also in default of the terms of the Pinson Guaranty.

The plot then thickens. Defendants Johnson, Redbud, Appalachian Mining and Producer's Coal filed for bankruptcy. Plaintiff was involved in the bankruptcy actions and the appurtenant negotiations for the recovery and sale of its collateral. Among the collateral sold in those proceedings was the Continuous Miner. The final sale price of which was $785,000.00 and Plaintiff has received the proceeds of the sale. *Id.*, ¶ 23.

On August 21, 2018, Plaintiff sent Pinson notice of the deficiency, stating that following the above-described bankruptcy court sale of the Continuous Miner and application of the sale proceeds received by Caterpillar Financial, as of August 21, 2018, there is a remaining unpaid balance due and owing thereon to Caterpillar Financial of $1,004,062.42, with interest thereon at

the rate of 5.95% annual percentage rate or $253.42 per diem from August 21, 2018 until paid, plus late charges and such other costs, expenses and damages incurred. *Id.* Exhibit E.

Plaintiff seeks summary judgment against Pinson, arguing that no issues of fact remain as it to validity and enforceability of the Pinson Guaranty and that Pinson is liable under its terms as a matter of law.

## II.

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court views all evidence in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). " 'The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the [non-moving party].' " *Moldowan v. City of Warren,* 578 F.3d 351, 374 (6th Cir.2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)).

To prevail, Caterpillar must demonstrate that undisputed evidence forecloses any defenses Pinson. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Pinson must respond with evidence showing a genuine factual dispute. Fed.R.Civ.P. 56(c)(1); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986). Relying on "metaphysical doubts" will not forestall summary judgment; citing to the record is essential. *See Scott v. Harris,* 550 U.S. 372, 380, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

### III.

The parties do not dispute that the Pinson Guaranty is governed by Tennessee law. "[G]uarantors are not favored under [Tennessee] law." *Galleria Associates, L.P. v. Mogk,* 34 S.W.3d 874, 876 (Tenn. Ct. App. 2000) (citing *Wilson v. Kellwood Co.,* 817 S.W.2d 313, 318 (Tenn. Ct. App. 1991)). "In order to facilitate the extension of credit, Tennessee does not favor guarantors and will construe a guaranty against the guarantor as strongly as the language will permit." *Suntrust Bank v. Dorrough,* 59 S.W.3d 153, 156 (Tenn. Ct. App. 2001). "In addition, a guarantor in a commercial transaction is to be held to the full extent of his engagements and the words of the guaranty will be taken as strongly against the guarantor as the sense will admit." *Galleria,* 34 S.W.3d at 876 (citing *Wilson,* 817 S.W.2d at 318).

Moreover, "[w]here the guaranty is a continuing guaranty, as is the case here, there is no obligation to give notice to the guarantor that new obligations are being incurred for which the guarantor will be liable, absent a contractual undertaking to do so." *Suntrust Bank,* 59 S.W.3d at 156 (citing *Third National Bank in Nashville v. Friend,* 626 S.W.2d 464 (Tenn. Ct. App. 1981)).

The terms of the Pinson Guaranty are clear, unambiguous and explicit. Quite simply, Pinson is on the hook. "Where the contract is plain and unambiguous, the Court's function is to interpret the contract as written according to its plain terms." *Suntrust Bank,* 59 S.W.3d at 158 (internal citations omitted).

Notably, Pinson has not challenged the validity of the guaranty. Rather, in his responses to Plaintiff's dispositive motion, Pinson, for the first time in any pleading in the record, claims he

was somehow "duped" into executing the guaranty but provides no evidence to substantiate what is clearly a desperate, eleventh hour attempt to avoid liability.

Moreover, his unsupported allegations with regard to Plaintiff's profitability and "true financial condition" are irrelevant to the issue of whether the guaranty executed by him is valid.

In order to effectively rebut a motion for summary judgment, Rule 56 requires the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence ... of a genuine dispute [.]" Fed.R.Civ.P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252, 106 S.Ct. 2505. Pinson has produced nothing aside from baseless and vague accusations of bad behavior and corporate machinations which fail to create an issue of material fact.

### IV.

Based upon the record, the Pinson Guaranty is valid and enforceable. Accordingly, **IT IS HEREBY ORDERED** that Plaintiff Caterpillar Financial Services Corporation's Motion for Partial Summary Judgment [Docket No. 36] be **SUSTAINED**.

March 1, 2019.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge